*DOCKET NO. 907*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

DEC 10 91

PATRICIA D. HOWARD
CLERK OF THE PANEL

*IN RE ELI LILLY & COMPANY PROZAC PRODUCTS LIABILITY
LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON
POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT
R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE
PANEL*

*TRANSFER ORDER*

This litigation presently consists of twelve actions pending in the following federal districts: three actions in the Central District of California; two actions in the District of New Jersey;[1] and one action each in the District of the District of Columbia, Northern District of Illinois, Northern District of New York, Eastern District of Pennsylvania, Eastern District of California, Southern District of California, and Western District of Texas.[2] Before the Panel is a motion by plaintiff in one Central California action to centralize all actions in the District of the District of Columbia or, alternatively, the District of New Jersey for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. Plaintiffs in the District of Columbia, Western Texas, Eastern Pennsylvania, New York and two New Jersey actions support the motion. Defendant Eli Lilly and plaintiffs in the Illinois action as well as a defendant physician in one related action pending in the District of Oregon oppose the motion. Alternatively, if the Panel deems centralization appropriate, Eli Lilly favors the Southern District of Indiana as the transferee court, while the Illinois plaintiffs suggest centralization in the Northern District of Illinois.

---

[1]  The Panel has been informed by movant that an additional New Jersey action, *Jonathan D. Schancupp v. Eli Lilly & Company, et al.*, D. New Jersey, C.A. No. 91-1188 (HLS), has been recently remanded to state court. Accordingly, the question of Section 1407 transfer of this action is moot.

[2]  Movant has notified the Panel that three related actions are pending in the Southern District of Indiana and that one action has recently been removed from state court to the Northern District of Georgia. Eli Lilly & Company (Eli Lilly) has also notified the Panel that eighteen related actions are pending in the following federal courts: Western District of Texas (3); District of New Jersey (2); Northern District of Texas (2); Northern District of Georgia (2); Eastern District of Pennsylvania (2); Southern District of Iowa (1); District of Oregon (1); Central District of California (1); Southern District of New York (1); Northern District of Illinois (1); Western District of Arkansas (1); and Eastern District of Alabama (1). These actions, and any other actions that come to the Panel's attention, will be treated as potential tag-along actions. *See* Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

- 2 -

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Southern District of Indiana will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions share questions of fact arising out of allegations that Eli Lilly was negligent in its testing, manufacturing and marketing of Prozac (hydrochloride fluoxetine), a United States Food and Drug Administration approved prescription drug used for the treatment of depression.  Centralization under Section 1407 is thus necessary in order to conserve the resources of the parties, their counsel and the judiciary; to avoid duplication of discovery; and to prevent inconsistent pretrial rulings.

We are persuaded that the Southern District of Indiana is the appropriate transferee forum for this docket.  We note that Eli Lilly's corporate headquarters as well as its research and regulatory affairs offices are located within this district and that, accordingly, relevant documents and witnesses are likely to be found there.  In addition, we observe that three related actions are currently pending in the Indiana court.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable S. Hugh Dillin for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

John F. Nangle
Chairman

# *SCHEDULE A*

## *MDL-907 -- IN RE ELI LILLY & COMPANY PROZAC PRODUCTS LIABILITY LITIGATION*

### District of New Jersey

Christine L. Carter v. Eli Lilly & Co., et al.,
   C.A. No. 91-1005 (JWB)
John J. Gutowski, et al. v. Eli Lilly & Co., et al.,
   C.A. No. 91-1594 (JWB)

### Northern District of New York

Deborah D. Ackley, etc. v. Eli Lilly & Co., et al.,
   C.A. No. 91-CV-0164

### Eastern District of Pennsylvania

Linda M. Ditrich, etc. v. Eli Lilly & Co., et al.,
   C.A. No. 91-CV-4081

### Central District of California

LeAnne Westover, etc. v. Eli Lilly & Co., et al.,
   C.A. No. CV-91-2078-JMI(JRx)
Howard Brotman v. Eli Lilly & Co., et al.,
   C.A. No. CV-91-3009-JMI(JRx)
Debra L. Cohen, etc. v. Eli Lilly & Co., et al.,
   C.A. No. CV-91-3750-JGD(Tx)

### Eastern District of California

Susan Harman, et al. v. Eli Lilly & Co., et al.,
   C.A. No. CIV-S-91-733-EJG PAN

### Southern District of California

Nedra Walnum v. Eli Lilly & Co., et al.,
   C.A. No. 91-1294-GT(P)

### Western District of Texas

Carolyn G. Winkler, etc. v. Eli Lilly & Co., et al.,
   C.A. No. SA-91-CA-0705

MDL-907 (Continued)

ii

<u>Northern District of Illinois</u>

<u>Ralph Langer, et al. v. Dista Products Co., etc., et al.</u>,
C.A. No. 90-C-4598

<u>District of the District of Columbia</u>

<u>Joan Lucille Rosenbloom Greer, etc. v. Eli Lilly & Co.,
et al.</u>, C.A. No. 91-07908

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

*DOCKET NO. 907*                    MAY 17 95

PATRICIA D. HOWARD

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ELI LILLY & COMPANY PROZAC PRODUCTS LIABILITY LITIGATION*

*Theodore A. Burbidge v. Eli Lilly and Company*, D. South Carolina, C.A. No. 2:94-2179

## *ORDER*

On May 11, 1995, plaintiff, a prisoner at a South Carolina state penitentiary who is proceeding *pro se*, requested that the Panel either arrange for his transport to the May 19, 1995, Panel hearing in Washington, D.C., or appoint a *guardian ad litem* to appear in his stead in order to present argument in support of his motion to vacate the Panel order conditionally transferring his above-captioned action (*Burbidge*) to the Southern District of Indiana for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407.

Plaintiff has not cited any authority which obligates the Panel to grant either request. We note that under R.P.J.P.M.L. Rule 17(b), 147 F.R.D. 589, 600-01 (1993), if a party or his representative fails to appear to present oral argument, "that party's position shall be treated as submitted for decision by the Panel on the basis of the papers filed...." Such a waiver would not prejudice the arguments plaintiff has presented in his motion and brief to vacate the conditional transfer order in his action.

IT IS THEREFORE ORDERED that plaintiff's requests are DENIED.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

## DOCKET NO. 907

MAY 23 95

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CLERK OF THE PANEL

## IN RE ELI LILLY & COMPANY PROZAC PRODUCTS LIABILITY LITIGATION

*Theodore A. Burbidge v. Eli Lilly & Company*, D. South Carolina, C.A. No. 2:94-2179

## BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER,[*] JOHN F. GRADY, BAREFOOT SANDERS, AND LOUIS C. BECHTLE, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 147 F.R.D. 589, 596 (1993), by plaintiff in the above-captioned action (*Burbidge*) to vacate the Panel's order conditionally transferring *Burbidge* to the Southern District of Indiana for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge S. Hugh Dillin. Eli Lilly & Company opposes the motion and favors inclusion of *Burbidge* in Section 1407 proceedings.

On the basis of the papers filed and the hearing held, the Panel finds that *Burbidge* involves common questions of fact with the actions in this litigation previously centralized in the Southern District of Indiana, and that transfer of *Burbidge* to the Southern District of Indiana for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Theodore A. Burbidge v. Eli Lilly & Company*, D. South Carolina, C.A. No. 2:94-2179, be, and the same hereby is, transferred to the Southern District of Indiana, and, with the consent of that court, assigned to the Honorable S. Hugh Dillin for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

---

[*]   Judge Brimmer took no part in the decision of this matter.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

## DOCKET NO. 907   JUL 28 95

## _EFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ELI LILLY & COMPANY PROZAC PRODUCTS LIABILITY LITIGATION

*Susan K. Forsyth, et al. v. Eli Lilly & Co., et al.,*
D. Hawaii, C.A. No. 1:95-185

## BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY,* BAREFOOT SANDERS* AND LOUIS C. BECHTLE, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 147 F.R.D. 589, 596 (1993) by plaintiffs in the above-captioned action (*Forsyth*), to vacate the Panel's order conditionally transferring *Forsyth* to the Southern District of Indiana for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge S. Hugh Dillin. Defendant Eli Lilly & Co. (Eli Lilly) favors inclusion of *Forsyth* in Section 1407 proceedings.[1]

On the basis of the papers filed and the hearing held, the Panel finds that *Forsyth* involves common questions of fact with the actions in this litigation previously centralized in the Southern District of Indiana, and that transfer of *Forsyth* to the Southern District of Indiana for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

---

\*   Judges Grady and Sanders took no part in the decision of this matter.

[1]   The Panel was notified by Eli Lilly that the United States' motion to dismiss and for summary judgment in *Forsyth* was granted in its entirety in a ruling from the bench by the Honorable Alan C. Kay on July 25, 1995.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Susan K. Forsyth, et al. v. Eli Lilly & Co., et al.*, D. Hawaii, C.A. No. 1:95-185, be, and the same hereby is, transferred to the Southern District of Indiana, and, with the consent of that court, assigned to the Honorable S. Hugh Dillin for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

*DOCKET NO. 907*                                            FEB -7  96

PATRICIA G. HOWARD
*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*CLERK OF THE PANEL

*IN RE ELI LILLY & COMPANY PROZAC PRODUCTS LIABILITY
LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR.,
WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY,
BAREFOOT SANDERS AND LOUIS C. BECHTLE, JUDGES OF THE PANEL*

*REMAND ORDER*

Presently before the Panel is a motion, pursuant to Rule 14(f), R.P.J.P.M.L., 147 F.R.D. 589, 598-99 (1993), by Eli Lilly & Company (Eli Lilly), defendant in the actions listed on the attached Schedule A, to vacate the Panel's orders conditionally remanding these actions to their respective transferor courts.  Plaintiffs in several actions favor remand.

On the basis of the papers filed and the hearing held, the Panel finds that remand of these actions appropriate.  The following quotation from an earlier Panel opinion is very instructive:

> The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative.  Rule [14(c)], R.P.J.P.M.L., [147] F.R.D. [589, 597-98 (1993)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings.  *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F.Supp. 254, 256 (J.P.M.L. 1976).  The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended.  *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977).  In the matter now before us, the transferee judge has advised the Panel that he believes that he has completed his task under Section 1407 as transferee judge with respect to these actions and has suggested that remand of the actions be effected.[1]  We adopt his suggestion and order remand of these actions.

---

[1]   Eli Lilly informed the Panel at oral argument that its motion before Judge Dillin to reconsider his suggestion of remand has recently been denied.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A be, and the same hereby are, remanded from the Southern District of Indiana to their respective transferor courts.

FOR THE PANEL:

John F. Nangle
Chairman

# SCHEDULE A

## MDL-907-- In re Eli Lilly & Company Prozac Products Liability Litigation

| TRANSFEREE DIST. CIVIL ACTION # | TRANSFEROR DIST. CIVIL ACTION # | CAPTION   (All Assigned to J. Dillin) |
|---|---|---|
| INS-92-118 | ALN-2-91-1440 | Valerie Taylor v. Eli Lilly & Co., et al. |
| INS-95-544 | ARE-3-95-20 | Gladys Pipes, et al. v. Eli Lilly & Co., et al. |
| INS-92-9 | ARW-2-91-2115 | Billie J. Parker v. Dista Products Co., etc. |
| INS-91-1364 | CAC-2-91-2078 | LeAnne Westover, etc. v. Eli Lilly & Co., et al. |
| INS-91-1365 | CAC-2-91-3009 | Howard Brotman v. Eli Lilly & Co., et al. |
| INS-91-1366 | CAC-2-91-3750 | Debra L. Cohen, etc. v. Eli Lilly & Co., et al. |
| INS-92-312 | CAC-2-91-5267 | Diane Richards v. Eli Lilly & Co., et al. |
| INS-92-127 | CAC-2-91-6154 | Vicki Kent v. Eli Lilly & Co., et al. |
| INS-92-403 | CAC-2-92-460 | Richard N. Engstrum v. Eli Lilly & Co., et al. |
| INS-91-1367 | CAE-2-91-733 | Susan Harmon, et al. v. Eli Lilly & Co., et al. |
| INS-92-1381 | CAN-3-92-3070 | Mitchell Mignola v. Eli Lilly & Co., et al. |
| INS-91-1368 | CAS-3-91-1294 | Nedra Walnum v. Eli Lilly & Co., et al. |
| INS-91-1371 | DC-1-91-1790 | Joan Lucille Rosenbloom Greer v. Eli Lilly & Co., et al. |
| INS-93-1409 | FLS-1-93-1038 | Maria Malakoff, etc. v. Eli Lilly & Co., et al. |
| INS-92-11 | GAN-1-92-2653 | Donald H. Evans Jr., et al. v. Eli Lilly & Co., et al. |
| INS-92-1292 | GAN-1-92-1806 | Mallory Wheeless Joiner, etc. v. Eli Lilly & Co. |
| INS-93-372 | GAN-1-93-192 | Charles L. Orr, et al. v. Eli Lilly Company |
| INS-92-116 | GAN-4-91-216 | William Patrick Richardson v. Eli Lilly & Co. |
| INS-95-1029 | HI-1-95-185 | Susan K. Forsyth, et al. v. Eli Lilly & Co., et al. |
| INS-92-738 | IAS-4-91-80262 | Catherine Churchill, et al. v. Dista Products Co., et al. |
| INS-92-1723 | ID-1-92-443 | Billie L. Reed, et al. v. Eli Lilly & Co. |
| INS-91-1370 | ILN-1-90-4598 | Ralph Langer, et al. v. Dista Products Co., et al. |
| INS-92-128 | ILN-1-91-6159 | William Lloyd v. Eli Lilly & Co. |
| INS-92-432 | ILN-1-92-701 | Jody R. Longos, etc. v. Dista Products Co., et al. |
| INS-93-118 | ILN-1-92-7696 | Barbara Diggs, etc. v. Eli Lilly & Co., et al. |
| INS-93-413 | ILN-1-93-1042 | Jeffrey F. Camacho v. Eli Lilly & Company, et al. |
| INS-93-539 | ILN-1-93-1409 | Victoria P. Waterman v. Eli Lilly & Co., et al. |
| INS-93-710 | ILN-1-93-2518 | Marcia Tilles, etc. v. Dista Products Company, et al. |
| INS-92-759 | MD-1-92-767 | Sharon Garfolo v. Eli Lilly & Co., et al. |
| INS-94-812 | MSS-3-94-122 | Lois E. Smith, etc. v. Dista Products Co. |
| INS-91-1360 | NJ-2-91-1005 | Christine L. Carter v. Eli Lilly & Co., et al. |
| INS-91-1361 | NJ-2-91-1594 | John J. Gutowski, et al. v. Eli Lilly & Co., et al. |
| INS-92-13 | NJ-2-91-4451 | Eleanor Gallagher v. Eli Lilly & Co., et al. |
| INS-92-737 | NJ-2-92-1472 | Terry S. Boyce, etc. v. Eli Lilly & Co., et al. |
| INS-91-1362 | NYN-1-91-164 | Deborah D. Ackley, etc. v. Eli Lilly & Co., et al. |
| INS-93-455 | OKE-6-93-37 | Sharon Marie Woulfe, etc. v. Eli Lilly & Co. |
| INS-95-88 | OKN-4-94-863 | Janice DeMarco, etc. v. Eli Lilly & Co. |
| INS-93-1056 | OR-3-93-602 | Anne Holcomb v. Eli Lilly & Co. |
| INS-92-412 | OR-6-90-6468 | Duane Scott Coursey v. Eli Lilly & Co., et al. |
| INS-92-115 | PAE-2-91-6269 | John Sweeney v. Eli Lilly & Co., et al. |
| INS-95-698 | SC-2-94-2179 | Theodore A. Burbidge v. United States of America, et al. |
| INS-92-715 | TNE-1-92-89 | Jerry Lee Bailey v. Eli Lilly & Co. |
| INS-92-782 | TXE-1-91-890 | Lillian C. Ramey v. Eli Lilly & Co., et al. |
| INS-93-412 | TXE-4-93-43 | Annette Martin, et al. v. Eli Lilly & Company, et al. |
| INS-92-14 | TXN-3-91-1590 | Donna Smart v. Eli Lilly & Co. |
| INS-92-314 | TXN-3-91-2386 | Rosemary Thompson, et al. v. Eli Lilly & Co. |
| INS-93-454 | TXN-3-93-389 | Daylyn Patton v. Eli Lilly & Co., et al. |
| INS-92-923 | TXN-4-92-244 | Karen Bryan, et al. v. Eli Lilly Co., et al. |
| INS-92-315 | TXN-7-91-101 | Anne Street Skipper, et al. v. Eli Lilly & Co., et al. |
| INS-93-837 | TXS-4-93-1469 | Maria Sanchez v. Eli Lilly & Co., et al. |
| INS-91-1369 | TXW-5-91-705 | Carolyn G. Winkler, et al. v. Eli Lilly & Co., etc. |
| INS-93-838 | TXW-5-93-367 | Elizabeth T. Sanchez, et al. v. Eli Lilly & Co., et al. |
| INS-92-1422 | TXW-7-92-119 | Rhonda Jean McClinton, et al. v. Eli Lilly & Co., et al. |
| INS-93-1454 | VAW-7-93-619 | Mary A. Thurman, etc. v. Eli Lilly & Co., et al. |
| INS-93-494 | WAW-3-92-5666 | Marilyn Watland, etc. v. Eli Lilly & Company |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

*DOCKET NO. 907*                    FEB -7 96

PATRICIA D. HOWARD

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE ELI LILLY & COMPANY PROZAC PRODUCTS LIABILITY LITIGATION*

*Carolyn G. Winkler, et al. v. Eli Lilly & Co., et al.,*
W.D. Texas, C.A. No. 5:95-913

## *BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS AND LOUIS C. BECHTLE, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 147 F.R.D. 589, 596 (1993), by plaintiffs in the above-captioned action (*Winkler*) to vacate the Panel's order conditionally transferring *Winkler* to the Southern District of Indiana for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge S. Hugh Dillin. Defendant Eli Lilly & Co. (Eli Lilly) favors inclusion of *Winkler* in Section 1407 proceedings.

On the basis of the papers filed and the hearing held, the Panel finds that *Winkler* involves common questions of fact with the actions in this litigation previously centralized in the Southern District of Indiana, and that transfer of *Winkler* to the Southern District of Indiana for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, *Carolyn G. Winkler, et al. v. Eli Lilly & Co., et al.*, W.D. Texas, C.A. No. 5:95-913, be, and the same hereby is, transferred to the Southern District of Indiana, and, with the consent of that court, assigned to the Honorable S. Hugh Dillin for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 12 96

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 907

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ELI LILLY & COMPANY PROZAC PRODUCTS LIABILITY LITIGATION

Jessica A. Stone, et al. v. Dista Products Co., et al.,
  S.D. Indiana, C.A. No. 1:94-480 (D. South Carolina, C.A. No. 3:94-7)

## ORDER VACATING REMAND ORDER

On March 19, 1996, the Panel's conditional order remanding the above-captioned action to the District of South Carolina was final.  Since then, the Panel has received an order from Judge S. Hugh Dillin dismissing *Stone* with prejudice.

IT IS THEREFORE ORDERED THAT the Panel's remand order be, and the same hereby is, VACATED insofar as it relates to the above-captioned action.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 12 96

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 907

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ELI LILLY & COMPANY PROZAC PRODUCTS LIABILITY
LITIGATION

Mallory Wheeless Joiner, etc. v. Eli Lilly & Co.,
  S.D. Indiana, C.A. No. 1:92-1292 (N.D. Georgia, C.A. No. 1:92-1806)
Marilyn Watland, etc. v. Eli Lilly & Co.,
  S.D. Indiana, C.A. No. 1:93-494 (W.D. Washington, C.A. No. 3:92-5666)
Billee L. Reed, et al. v. Eli Lilly & Co.,
  S.D. Indiana, C.A. No. 1:92-1723 (D. Idaho, C.A. No. 1:92-443)
Anne Holcomb, etc. v. Eli Lilly & Co.,
  S.D. Indiana, C.A. No. 1:93-1056 (D. Oregon, C.A. No. 3:93-602)
Maria Malakoff, etc. v. Eli Lilly & Co., et al.,
  S.D. Indiana, C.A. No. 1:93-1409 (S.D. Florida, C.A. No. 1:93-1038)
Rosemary Thompson, et al. v. Eli Lilly & Co.,
  S.D. Indiana, C.A. No. 1:92-314 (N.D. Texas, C.A. No. 3:91-2386)
William Patrick Richardson v. Eli Lilly & Co.,
  S.D. Indiana, C.A. No. 1:92-116 (N.D. Georgia, C.A. No. 4:91-216)

## ORDER VACATING REMAND ORDER

On February 7, 1996, the Panel ordered the above-captioned actions remanded to
their respective transferor courts.  Since then, the Panel has received orders from Judge S.
Hugh Dillin dismissing these actions with prejudice.

IT IS THEREFORE ORDERED THAT the Panel's remand order filed on
February 7, 1996, be, and the same hereby is, VACATED insofar as it relates to the
above-captioned actions.

FOR THE PANEL:

John F. Nangle
Chairman



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 17 96

PATRICIA D. HOWARD
CLERK OF THE PANEL

*DOCKET NO. 907*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

### *IN RE ELI LILLY & COMPANY PROZAC PRODUCTS LIABILITY LITIGATION*

*Craig Bernard Cazaubon, et al. v. Dista Products, Inc., et al.,*
 S.D. Indiana, C.A. No. 1:95-445 (W.D. Arkansas, C.A. No. 6:94-6128)

### *ORDER*

The above-captioned action (*Cazaubon*) was included on the Panel's conditional remand order filed on October 16, 1995. On October 31, 1995, defendant Eli Lilly & Company (Eli Lilly) filed a notice of opposition to the conditional remand order and on November 15, 1995, Eli Lilly filed a motion to vacate that order. Subsequently, the Panel received an order from Judge S. Hugh Dillin dismissing *Cazaubon* on January 19, 1996. Therefore, the Panel vacated the conditional remand order regarding *Cazaubon*. After full briefing and oral argument, the Panel on February 7, 1996, ordered remand of all actions pending from the October 16th conditional remand order to their respective transferor courts. The Panel has been notified that, on March 20, 1996, Judge Dillin set aside his January 1996 order dismissing *Cazaubon*.

IT IS THEREFORE ORDERED that the Panel's October 16, 1995 conditional remand order be, and the same hereby is, REINSTATED, insofar as it relates to *Cazaubon*.

IT IS ALSO ORDERED that pursuant to Rule 14 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 147 F.R.D. 589, 597-99, the transmittal of this order to the transferee clerk for filing shall be stayed fifteen days from the date of this order and if any party files a Notice of Opposition with the Clerk of the Panel within this fifteen-day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Southern District of Indiana.

IT IS FURTHER ORDERED that, pursuant to Rule 14(g), R.P.J.P.M.L., and coinciding with the effective date of this order, the parties shall furnish the Clerk for the Southern District of Indiana with a stipulation or designation of the contents of the record to be remanded and furnish said Clerk all necessary copies of any pleadings or other matter filed so as to enable said Clerk to comply with the order of remand.

FOR THE PANEL:

John F. Nangle
Chairman